**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| **BRIAN ANTWANIN JOHNSON,** | : | |
| | : | Civ. No. 17-4978 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| | : | |
| **UNITED STATES** *et al.*, | : | |
| | : | |
| Respondents. | : | |

---

**APPEARANCE**

ROBERT M. GAMBURG, Esq.
1500 Walnut Street
22nd Floor
Philadelphia, PA 19102
    On behalf of Petitioner

**BUMB,** United States District Judge

    Petitioner, Brian Antwanin Johnson, a prisoner confined in FCI Fairton, in Fairton, New Jersey,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 7, 2017. (Pet., ECF No. 1.)  Petitioner seeks habeas relief on the basis that a life sentence for a non-violent, essentially first time offender violates the 8th Amendment.  (Id., ¶45.)  Petitioner also seeks discretionary relief from his sentence from the United States Attorney's Office, pursuant to Federal Rule of

---

[1] See BOP Inmate Locator, available at https://www.bop.gov/inmateloc/

Civil Procedure 60(b). (Pet., ECF No. 1, ¶¶46-60.)

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241 and Federal Rule of Civil Procedure 60(b).

I. BACKGROUND

On January 20, 2000, Petitioner was found guilty, in the U.S. District Court, Eastern District of Virginia, of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); money laundering in violation of 18 U.S.C. §1 956(a)(1)(B)(I); and conspiracy to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. (Pet., ECF No. 1, ¶¶1-8.) Petitioner was sentenced to life without parole on the drug charges, and 240 months on the money laundering charges, to run concurrent with the life sentence. (Id., ¶9.) Petitioner had only one prior conviction, for a time period that was included in the conspiracy. (Id., ¶10.) The conviction and sentence were affirmed on appeal on June 28,

2001. (Id., ¶12.)

Petitioner filed his first motion to vacate under 28 U.S.C. § 2255 on January 8, 2003. (Id., ¶13.) The motion was denied, and the district court was affirmed on appeal. (Id., ¶¶15-17.) On August 21, 2008, Petitioner filed a motion for retroactive application of Sentencing Guidelines as to crack cocaine pursuant to 18 U.S.C. § 3582. (Id., ¶18.) The motion was denied, and the Fourth Circuit Court of Appeals affirmed. (Id., ¶¶19, 20.)

On September 9, 2011, Petitioner filed a second or successive motion pursuant to 28 U.S.C. § 2255, which was denied. (Id., ¶¶21-22.) Petitioner filed yet another motion to vacate pursuant to 28 U.S.C. § 2555 on August 7, 2012, which was also denied, and the Fourth Circuit affirmed on November 27, 2012. (Id., ¶¶23-25.) These § 2255 motions were denied without prejudice for failing to request permission from the Fourth Circuit Court of Appeals to file a second or subsequent petition. (Id., ¶26.)

II. DISCUSSION

    A. <u>Jurisdiction under 28 U.S.C. § 2241</u>

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a

3

prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

A petitioner may not challenge his conviction or sentence under § 2241 merely because he is unable to meet the gatekeeping requirements for a second or successive petition under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d at 251. Here, Petitioner acknowledges that his second or successive § 2255 motions, filed in the sentencing court, have been dismissed. This is an improper basis to file a petition under § 2241 in another jurisdiction.

> B. Jurisdiction under Fed. R. Civ. P. 60(b), Relief from a Judgment or Order

Federal Rule of Civil Procedure 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called

> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner seeks relief under Rule 60(b), not from this Court, but from the U.S. Attorney's Office. (*See* Pet., ¶¶46-60.) Clearly by the language of Rule 60(b), it was not intended for this purpose. The Court will dismiss the petition and 60(b) motion for lack of jurisdiction.

III. CONCLUSION

The Court dismisses the § 2241 petition, and the Rule 60(b) motion within the petition, for lack of jurisdiction.

An appropriate Order follows.

Dated: August 21, 2017

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**